UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN JOHNSON,<br><br>           Plaintiff,<br><br>   v.<br><br>I. PEREZ-PANTOJA,<br><br>           Defendant. | Case No. 20-cv-04798-JST<br><br>**ORDER OF SERVICE** |

Plaintiff, an inmate at Correctional Training Facility – Central, in Soledad, California ("CTF") has filed a *pro se* action pursuant to 42 U.S.C. § 1983 alleging that CTF correctional officer I. Perez-Pantoja violated his constitutional rights. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
2  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
3  plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than
4  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. .
5  . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*
6  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must
7  proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.
8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
9  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
10 the alleged violation was committed by a person acting under the color of state law.  *See West v.*
11 *Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

13       The complaint makes the following allegations.  In March 2018, plaintiff filed a civil rights
14 complaint against defendant Perez, in Case No. 3:18-cv-05421 JST, *Johnson v. Perez-Pantoja*
15 ("*Johnson I*").  After the Court issued an order screening the complaint and ordering service on
16 defendant Perez-Pantoja in *Johnson I*, defendant retaliated against plaintiff by filing a false rules
17 violation report against plaintiff alleging that plaintiff refused to accept assigned housing and
18 delayed a peace officer, and by searching plaintiff's cell and destroying plaintiff's personal
19 property.  Defendant repeatedly threatened plaintiff that he would not live comfortably in X-Wing
20 Housing Unit because he had filed *Johnson I*.  ECF No. 1 at 7.  The complaint states a cognizable
21 states a cognizable First Amendment retaliation claim against defendant Perez-Pantoja.  *Rhodes v.*
22 *Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of
23 First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took
24 some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and
25 that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action
26 did not reasonably advance a legitimate correctional goal.") (footnote omitted).

## CONCLUSION

28       For the foregoing reasons, the Court orders as follows.

1. Liberally construed, the complaint states a cognizable First Amendment claim and a cognizable First Amendment retaliation claim against defendant CTF officer I. Perez-Pantoja.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (ECF No. 1), with all attachments thereto, and a copy of this order upon **defendant I. Perez-Pantoja at Correctional Training Facility, Soledad Prison Road, Soledad CA 93960**. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

---

[1] If defendant asserts that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once defendant is represented by counsel, all documents must be mailed to counsel rather than directly to defendans.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

4

to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  September 18, 2020


JON S. TIGAR
United States District Judge